[No. 9576. Department One. December 16, 1911.]

## W. F. GRINDEMAN, *Appellant*, v. WOODLAND SHINGLE COMPANY, *Respondent*.[1]

WORK AND LABOR—CONTRACTS—PERFORMANCE OR BREACH—TERMINATION—DAMAGES—MEASURE. Under a contract to work for one year, the employee to forfeit all pay if he breached the contract, and to receive no compensation while sick or disabled, in an action for the compensation and wrongful discharge, a verdict that he was not damaged, limited to the sum due at the time he quit, is warranted, where there was evidence that he quit when sick and disabled, and could not have earned any more under the contract than he did elsewhere during the term, and also that the contract was voluntarily terminated by mutual consent.

Appeal by plaintiff from a judgment of the superior court for King county, Tallman, J., entered December 14, 1910, upon the verdict of a jury rendered in favor of the plaintiff for a portion of his claim, in an action upon a contract for services. Affirmed.

*E. H. Guie*, for appellant.

*J. P. Wall*, for respondent.

PARKER, J.—The plaintiff seeks to recover a balance alleged to be due him for work, and also damages alleged to have resulted to him from his discharge by the defendant from employment under the following contract:

"Labor Contract.

"W. F. Grindeman, as first party, agrees with the Woodland Shingle Company, a corporation, as second party, as follows:

[1]Reported in 119 Pac. 615.

"Second party agrees to employ first party as sawyer in shingle mill of second party in Seattle, Washington, and agrees to pay first party for his labor as follows: Five and one-half ($0.05½) cents per thousand for each thousand shingles cut per day in said mill by the said first party and guarantees that said first party shall receive a minimum payment each labor day in said mill of seven ($7) dollars per day.

"First party agrees to work for second party for said wages and further agrees to work every day that said mill is in operation during the year ending December 30th, 1909, and devote his time and energy to his labor in a diligent and faithful manner.

"It is agreed that in the event that the straight shingle mills of Ballard shall shut down that the period of shut down shall not be taken as earning anything in favor of first party but in the event that any one of the straight shingle mills of Ballard shall run then it is agreed that said minimum sum of seven dollars shall become due and payable to first party for each working day during said time.

"First party herewith deposits with the second party his promissory note payable on demand for fifty ($50) dollars without interest as security for faithful performance of this contract and further agrees that in the event that the same shall be violated in the party of the first part that all moneys due or owing to first party from second party at the time of violation of said contract shall be forfeited together with said note as liquidated damages. And it is further agreed that in the event that first party is sick or disabled in any manner that he shall receive no profits under this contract.

"Witness the hands of the parties hereto this the 23rd day of February, 1909.

"(Signed)    W. F. Grindeman, Woodland Shingle Co.,
                         "By L. J. Hamel, Pt."

The substance of the plaintiff's claim is that he was discharged without cause by the defendant on August 28, 1909, at which time there was due him for work under the contract $110.48; and that, had he been permitted to remain in the defendant's employ until the end of the year under the

contract, he would have earned $885.50 additional, during which time he was able to earn elsewhere only $154.75. The difference he claims to be the measure of his damages resulting from his discharge. The substance of the defendant's defense is that the plaintiff breached the contract by quitting his work under the contract without cause, and thereby forfeited the balance due him at that time, and also thereby entitling the defendant to judgment against him upon the note for $50 delivered with the contract as security for its performance. A trial before the court and a jury resulted in a verdict and judgment in favor of the plaintiff for $110.48, which it will be noticed is the exact sum claimed to be due him at the time he ceased to work. The plaintiff has appealed from this judgment.

It is contended by counsel for appellant that, since the jury found in his favor for this balance, it follows that respondent breached the contract and therefore became liable to appellant for seven dollars per day for the entire unexpired term of the contract, less the amount he earned elsewhere during that time. He asks us to direct judgment to enter accordingly, or grant him a new trial. The evidence tends strongly to show that, at the time appellant ceased to work, he was sick and unable to work, and that he so continued for a large part of the remaining portion of the year. This evidence was ample to warrant the jury in believing that appellant would not have been entitled to compensation for a considerable portion of the unexpired time of the contract, in view of its concluding provision that he was not to receive compensation when sick or disabled. The evidence does not show that appellant would have earned during the unexpired term any more than the $154.75 he earned elsewhere, even had he worked for respondent under this contract during the whole time he was not sick or disabled. Therefore, the jury were fully warranted in concluding that appellant was not damaged, even conceding that he was discharged without cause.

A careful reading of the evidence also convinces us that it supports the conclusion that, at the time appellant ceased to work for respondent, he did so by mutual consent of himself and respondent, and that thereafter neither made any demands upon the other looking to a continuance of their contract obligations, except as appellant demanded compensation for the unexpired time by bringing this action. This theory of mutual termination of the contract was not urged by respondent upon the trial, as it was claiming a breach of the contract by appellant; but we think, nevertheless, that the jury might legitimately arrive at their conclusion upon this theory. Either of these theories will support the verdict and judgment.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.